RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 7 / 12 / 11

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

JEFFREY BRADSTOCK (#565461)          DOCKET NO. 10-CV-1033; SEC. P

VERSUS                               JUDGE DEE D. DRELL

WARDEN WILKINSON, ET AL.             MAGISTRATE JUDGE JAMES D. KIRK

REPORT AND RECOMMENDATION

On March 11, 2011, Plaintiff was ordered to amend his complaint to provide additional and more specific information regarding his claim. [Doc. #14] Plaintiff filed a motion for extension of time to comply with the memorandum order on April 6, 2011. The Court granted Plaintiff's motion and ordered Plaintiff to file his amended complaint by May 11, 2011. [Doc. #16] To date, Petitioner has failed to comply with the Court's order.

Federal Rule of Civil Procedure Rule 41(b) permits dismissal of claims "for failure of the plaintiff to prosecute or to comply with ... any order of court...." The district court also has the inherent authority to dismiss an action *sua sponte*, without motion by a defendant. See Link v. Wabash R.R.Co., 370 U.S. 626, 630-31, 82 S.Ct. 1386, 1388-89, 8 L.Ed.2d 734 (1962). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts." McCullough v. Lynaugh, 835 F.2d 1126, 1127 (5th Cir.1988). Petitioner has failed to respond

to the order to amend his complaint.

Therefore,

**IT IS RECOMMENDED** that Petitioner's complaint be **DISMISSED WITHOUT PREJUDICE** in accordance with the provisions of FRCP 41.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** See Douglass v. United Services Automobile Association, **79 F.3d 1415** (5th Cir. 1996).

**THUS DONE AND SIGNED** at Alexandria, Louisiana, this _____ day of  July, 2011.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE